**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRESTON PORTIS,

    Plaintiff,                                        Civil Action No. 2:11-14345

v.                                              HONORABLE STEPHEN J. MURPHY, III

ST. CLAIR COUNTY,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

This matter is before the Court on Plaintiff Preston Portis' pro se civil rights complaint, filed pursuant to 42 U.S.C.§ 1983. For the reasons that follow, the Court will dismiss the complaint for failing to state a claim upon which relief can be granted.

### BACKGROUND

Portis is a pre-trial detainee currently incarcerated at the St. Clair County Jail in Port Huron, Michigan. Portis claims that Defendant St. Clair County prison officials denied him meaningful access to an adequate law library in violation of his constitutional rights. Specifically, he claims that inmates have access to the law library cart only once or twice per month in a room that is also used for other purposes. If a police office, doctor, clergy person or staff member need to use the room, the law library cart is removed, which in effect ends the inmate's legal research session. The limited access, he argues, denies him adequate legal materials "to perform legal research for knowledge and understanding of my criminal case." Compl. 1, ECF No. 1.

**STANDARD OF REVIEW**

Federal law imposes the following standard of review in proceedings in forma pauperis:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
>
> (B) the action or appeal:
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Frivolous claims or actions that fail to state a claim on which relief may be granted must be dismissed by the court. *McGore v. Wrigglesworth*, 114 F. 3d 601, 612 (6th Cir. 1997) ("[A] court is required to dismiss a case when the action satisfies . . . § 1915(e)(2)(B)."). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

**DISCUSSION**

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001). Portis has failed to demonstrate that he has been deprived of a right secured by federal law, therefore his claim must fail.

Portis claims that Defendant St. Clair County prison officials denied him meaningful access to an adequate law library in violation of his constitutional rights. The fundamental constitutional right of access to courts requires prison authorities to assist inmates in the preparation and filing of legal papers by providing them with adequate law libraries *or* with assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Accordingly, although adequate law libraries are "one constitutionally acceptable method to assure meaningful access to the courts", the Supreme Court has specified that alternative means to achieve that goal are permissible. *Id.* at 830; *see also*, *Lewis v. Casey,* 518 U.S. 343, 351 (1997) (holding that there is no "abstract, freestanding right to a law library or legal assistance"). Thus, an inmate cannot establish that his rights have been violated simply demonstrating lack of access to a prison law library, or by alleging that a legal assistance program is "subpar in some theoretical sense." *Id.* at 351. Because "meaningful access to the courts is the touchstone," an inmate must establish that any shortcomings in a law library or legal assistance program hindered his or her efforts to pursue a legal claim. *Id.*

Portis cannot make that showing. The Sixth Circuit has held that when a prisoner is offered the assistance of a court-appointed lawyer, his "constitutionally-guaranteed right of access to the courts has been protected." *Holt v. Pitts,* 702 F.2d 639, 640 (6th Cir. 1983). The same is true if the prisoner chooses to proceed pro se. *United States v. Kincaide*, 145 F.3d 771, 778 (6th Cir.1998) ("[T]he state does not have to provide access to a law library to defendants in criminal trials who wish to represent themselves."). Portis's complaint does not indicate whether he is represented by counsel or whether he is representing himself in the pending criminal matter, but under either scenario, inadequate

3

access to the law library does not constitute a violation of a his constitutional rights. Therefore, Portis has failed to state a claim under § 1983, and his complaint will be dismissed.

## ORDER

**WHEREFORE** it is hereby ordered that plaintiff's Complaint is **DISMISSED** with prejudice.

**SO ORDERED.**

s/Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on **12/1/2011,** by electronic and/or ordinary mail.

Carol Cohron  
Case Manager

4